UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>NEW WEST PETROLEUM L.P., NEW WEST PETROLEUM, LLC, NEW WEST PETROLEUM, NEW WEST STATIONS, INC. and NEW WEST LLC<br><br>　　　　Defendants. | NO. CIV. S-03-2222 WBS PAN<br><br>MEMORANDUM AND ORDER<br>RE: EX PARTE APPLICATION FOR<br>ORDER SHORTENING TIME |

-----------------------------

NEW WEST PETROLEUM, L.P., NEW WEST PETROLEUM, LLC, and NEW WEST PETROLEUM,

　　　　Cross-Complainants

　　v.

EXXON MOBIL CORPORATION, a New Jersey Corporation, and SARTAG SINGH BAINS,

　　　　Cross-Defendants

----oo0oo----

　　　　New West defendants filed an ex parte application on May 25, 2005 for an order shortening time to hear New West's

1

motion to establish certain facts.  New West contends that Exxon has engaged in discovery misconduct by not producing witnesses or requested documents.  New West apparently believed when the ex parte motion was filed that if certain facts were deemed established, the motions for summary judgment already on the May 31, 2005 calendar would be affected.  There were four motions for summary judgment on the calendar for May 31, 2005, as well as several nondispositive motions.  Exxon's counsel informed the court by letter, after receiving notice that New West had filed the ex parte application, that he would not be able to prepare for New West's motion to establish certain facts as he was then in Boston on business.  Thus, if the court had heard New West's motion to establish certain facts on May 31, 2005, Exxon would have been materially prejudiced.  The court did not hear the motion on that date.

      The only fact that New West presents in its ex parte application as an example of a fact it seeks to have established is that Exxon did not investigate the cause of the contamination of the Property.  The court finds that this fact, even if deemed established, would have no effect on the currently pending motions for summary judgment.  Therefore, New West's sense of urgency is misplaced.

      The motion for an order establishing certain facts will be heard on the same date and at the same time as the pretrial conference.

///
///
///

1            IT IS THEREFORE ORDERED that the New West entities file
2   any memorandum in support of their motion to establish certain
3   facts on or before June 13, 2005; that Exxon Mobil file any
4   opposition on or before June 20, 2005; and that New West file any
5   reply to Exxon's opposition on or before June 27, 2005.
6   Plaintiff and defendants are ordered to appear on July 5, 2005,
7   at 10:00 a.m. to argue the motion.
8   DATED: June 6, 2005

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE