UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EXXON MOBIL CORPORATION,

      Plaintiff,

    v.

NEW WEST PETROLEUM L.P., NEW
WEST PETROLEUM, LLC, NEW WEST
PETROLEUM, NEW WEST STATIONS,
INC. and NEW WEST LLC

      Defendants.

-----------------------------

AND RELATED THIRD-PARTY
CLAIMS, CROSS-CLAIMS AND
COUNTERCLAIMS

NO. CIV. S-03-2222 WBS PAN

MEMORANDUM AND ORDER
RE: RULE 37(B), 37(D) MOTION
FOR SANCTIONS

----oo0oo----

      This litigation concerns which party is contractually responsible for paying the costs of cleaning up pollution at 3430 Northgate Boulevard in Sacramento ("the Property"). Federal jurisdiction is based on diversity of citizenship (28 U.S.C. § 1332). There are two motions before the court. First, New West Petroleum L.P., New West Petroleum, LLC, New West Petroleum, and New West Stations, Inc. (collectively, "New West") move the

1

1  court, pursuant to Federal Rules of Civil Procedure 37(b) and

2  37(d), to deem certain facts established.  Second, New West moves

3  to delay trial from July 26, 2005 to August 15, 2005.

4  I. <u>Factual and Procedural History</u>

5          This case revolves around a series of contracts for the

6  sale of a gasoline station (the "gas station") and the assignment

7  of the lease of the Property on which that gas station is

8  located.  ExxonMobil ("Exxon") sold the gas station to New West

9  Petroleum ("NWP") in 1998.  NWP LLC purported to sell the gas

10 station to cross-defendant, counterdefendant, and

11 countercomplainant Sartaj Singh Bains in 2000.  The Property is

12 apparently contaminated with petroleum hydrocarbons.  Exxon has

13 been remediating that contamination, and seeks reimbursement from

14 New West for the costs of remediation Exxon alleges that NWP

15 contractually agreed to undertake.[1]

16         New West alleges discovery abuse by Exxon.  On January

17 28, 2005, New West noticed the deposition of the Exxon

18 corporation.  (Malysiak Decl. in Supp. of Mot. for Order

19 Establishing Certain Facts Exs. A-1, A-2).  The notice requested,

20 regarding 23 topics of testimony, that Exxon produce a witness or

21 witnesses familiar with each of those topics.  (<u>Id.</u>).  A little

22 over a month later, on March 2, 2005, New West filed a document

23 entitled "Motion to Extend the Date to Complete Depositions, and

24 for Sanctions."  Contained in that motion was a section in which

25 New West argued that Exxon had not produced witnesses to respond

26 to all the topics New West included in its January 28, 2005

27

28         [1]   For a more detailed history, see the June 7, 2005 Order
   of this court.

2

notice.  (New West's Mot. to Extend Date to Complete Depositions
at 9-11).  In response, on March 22, 2005, the court ordered
"that the deposition of Exxon noticed by Defendant New West
Petroleum will be conducted at a mutually agreeable date(s) and
time(s), and that the objections to such deposition notice are to
be submitted to Magistrate Judge Peter Nowinski." (March 22, 2005
Order at 2).

New West claims that Exxon did not produce a witness
for topics 3, 4, 12, and 22.  Topic 3 concerns "[t]he methods
used by Exxon to determine the market value of the station during
the summer of 1998."  Topic 4 concerns "[t]he methods used by
Exxon to determine the market value of retail gasoline stations
during the summer of 1998."  (Malysiak Decl. in Supp. of Mot. for
Sanctions Ex. A-1).  Topic 12 concerns "Exxon's operation of the
station."  Topic 22 concerns "[t]he installation of the
[underground storage tanks ("USTs")] at the Property, and any
upgrades to the USTs at the Property by Exxon."  (Id. Ex. A-2).

New West's counsel sent a letter to Exxon's counsel on
April 5, 2005.  (Malysiak Decl. in Supp. of New West's Mot. for
Order Establishing Certain Facts Ex. M).  That letter made an
offer to resolve the issues regarding topics 3, 4, and 22.  New
West offered to withdraw its request for a witness responsive to
topics 3 and 4 if Exxon would abandon the argument that New West
Petroleum paid less than fair market value for the station.  New
West further offered to withdraw its request for an Exxon
deponent on issue 22 if Exxon would "simply admit the genuineness
of the documents that it has produced with respect to the
installation and permits to operate the underground storage tank

1  and lines." (Id.).

2        Exxon's counsel sent a letter, using the United States
3  Postal Service, to New West's counsel in reply to New West's
4  offer on April 14, 2005. (Miguel Aff. in Opp'n to New West's
5  Mot. for Order Establishing Certain Facts ¶¶ 3, 4).  New West's
6  counsel did not receive that letter, and saw it for the first
7  time on June 24, 2005. (Malysiak Decl. in Supp. of Reply to
8  Opp'n to New West's Mot. for Order Establishing Certain Facts ¶
9  2).  The April 14, 2005 letter from Exxon's counsel accepted New
10 West's offer as to topics 3 and 4; that is, Exxon would not argue
11 at trial that New West had paid less than market value for the
12 gas station. (Miguel Decl. in Opp'n to New West's Mot. for
13 Order Establishing Certain Facts ¶ 6; id. Ex. 1 (April 14, 2005
14 Miguel letter)).  Regarding topic 22, Exxon's counsel wrote: "if
15 you identify those documents that you want authenticated, we will
16 seriously consider your proposal." (Id. Ex. 1 (April 14, 2005
17 letter)).

18       New West now seeks a sanction against Exxon in the form
19 of an order that would deem certain facts as established.  The
20 facts that New West seeks to have established are the following:

21     (A) Exxon took no action to find the cause of the petroleum
       hydrocarbon contamination of the Property that was reported
22     in the Initial Subsurface Investigation Report;

23     (B) Exxon took no action to fix or repair the cause of the
       petroleum hydrocarbon contamination of the Property that was
24     reported in the Initial Subsurface Investigation Report;

25     (C) That the petroleum hydrocarbon contamination that
       existed on the [P]roperty on September 29, 1998 was from an
26     "unauthorized release" as defined in California Health &
       Safety Code § 25295.5, that occurred while Exxon operated
27     the gas station[;]

28     (D) The terms of the Purchase and Sale Agreement between

                                  4

1  Exxon and New West was [sic] unconscionable and an adhesion
2  contract.

3  (New West's Mot. for an Order Establishing Certain Facts at 7).

4  In a separate motion, New West also seeks to move the trial date

5  from July 26, 2005 to August 15, 2005.

6  II. <u>Discussion</u>

7     A. <u>Motion to deem certain facts established</u>

8        Federal Rule of Civil Procedure 37(b) permits a court

9  to issue an order establishing certain facts as a sanction

10 against a party which does not obey a court order issued pursuant

11 to the rules of discovery.[2]  Federal Rule of Civil Procedure

12 37(d) permits a court to issue an order with the same effect if a

13 party representative refuses to attend a properly noticed

14 deposition.[3]

15 _____

16 [2]     If a party or an officer, director, or managing agent
         of a party or a person designated under rule 30(b)(6)
17       or 31(a) to testify on behalf of a party fails to obey
         an order to provide or permit discovery, including an
18       order made under subdivision (a) of this rule or Rule
         35, or if a party fails to obey an order entered under
19       Rule 26(f), the court in which the action is pending
         may make such orders in regard to the failure as are
20       just, and among others the following:

21       (A) An order that the matters regarding which the order
         was made or any other designated facts shall be taken
22       to be established for the purposes of the action in
         accordance with the claim of the party obtaining the
23       order. . . .

24 Fed. R. Civ. P. 37(b)(2).

25 [3]     If a party or an officer, director, or managing agent
         of a party or a person designated under Rule 30(b)(6)
26       or 31(a) to testify on behalf of a party fails (1) to
         appear before the officer who is to take the
27       deposition, after being served with a proper notice, or
         (2) to serve answers or objections to interrogatories
28       submitted under Rule 33, after proper service of the

                                5

1          1. <u>New West has not been prejudiced</u>

2          New West argues that Exxon's alleged discovery
3  misconduct meant they were not able to adequately present their
4  argument, in their recent motion for partial summary judgment,
5  that Exxon breached its warranty contained in the lease
6  assignment from Exxon to New West Petroleum, L.P.  (<u>See</u> New
7  West's Mot. for Order Establishing Certain Facts at 9; <u>see also</u>
8  June 7, 2005 Order).  In the part of the June 7, 2005 Order
9  addressing New West's breach of warranty argument, the court
10 noted that "New West presents no evidence that Exxon did not
11 maintain underground storage tanks with secondary containment and
12 a continuous monitoring system."  (June 7, 2005 Order at 22).
13 Defendants argue that the reason they were not able to provide
14 the court with that evidence was Exxon's refusal to comply with
15 its discovery requests, and that therefore they were prejudiced.

16         This argument fails.  New West's partial summary
17 judgment argument was that Exxon breached a warranty and that
18 therefore New West was entitled to summary judgment holding that
19 any release of petroleum hydrocarbons by New West was excused.
20 The court denied this motion on two separate grounds: (1) the
21 lack of evidence presented by New West that Exxon had breached
22 the warranty; (2) even if New West <u>had</u> shown that Exxon had
23 breached the warranty Exxon made in the <u>lease assignment</u> to New

24
25              interrogatories . . . the court in which the action is
26              pending on motion may make such orders in regard to the
                failure as are just, and among others it may take any
27              action authorized under subparagraphs (A), (B), and (C)
                of subdivision (b)(2) of this rule. . . .
28 Fed. R. Civ. P. 37(d)

1   West, that would not have excused New West's performance under
2   the purchase and sale agreement.  (Id. at 21-22).   Therefore,
3   because there were entirely separate and sufficient grounds upon
4   which to deny New West's motion, Exxon's alleged refusal to
5   provide the requested information did not prejudice New West.

6          2. Topics 3 and 4.

7          Exxon's counsel Miguel states in his affidavit that he
8   sent a letter, via United States Postal Service first class mail,
9   accepting Malysiak's conditions with regard to topics 3 and 4.
10  (Miguel Aff. in Opp'n to New West's Mot. for Establishing Certain
11  Facts ¶ 4, Ex. 1 (letter)).  Malysiak states that he never
12  received the letter.  (Malysiak Decl. in Reply to Exxon's Opp'n
13  to New West's Mot. for Order Establishing Certain Facts ¶ 2).[4]

14         Because this situation involves New West's counsel's
15  offer to resolve some discovery disputes, and Exxon's counsel's
16  purported acceptance, the court draws upon contract law to
17  determine whether Miguel's acceptance was effective.

18         California Civil Code § 1583 provides that "Consent [to
19  an offer] is deemed to be fully communicated between the parties
20  as soon as the party accepting a proposal has put his acceptance
21  in the course of transmission to the proposer [offeror]."  That
22  the offeror did not receive the acceptance is not relevant to the
23  inquiry whether a contract was formed.  Palo Alto Town & Country
24  Vill., Inc. v. BBTC Co., 11 Cal. 3d 494, 497, 501 (1974).

25

26         [4]   Malysiak also states that Miguel did not send the
    letter.  (Malysiak Decl. in Reply to Exxon's Opp'n to New West's
27  Mot. for  Order Establishing Certain Facts ¶ 3).  As this is
    beyond Malysiak's personal knowledge, he is not competent to
28  testify to this fact.  See Fed. R. Evid. 602.

1    Therefore, there was an agreement between Exxon's
2  counsel Miguel and New West's counsel Malysiak.  Exxon's counsel
3  agreed that he will not argue at trial that New West paid less
4  than fair market value for the gas station.  (Miguel Decl. in
5  Opp'n to New West's Mot. for Establishing Certain Facts ¶ 6, Ex.
6  1 (April 14, 2005 Miguel letter)).  Therefore, New West's
7  argument that Exxon did not produce any witnesses for topics 3 or
8  4 is moot; at the time the witnesses were to be produced, the
9  parties already had an agreement that New West would not require
10 Exxon to produce witnesses with knowledge in those two areas.

11    3. <u>Topic 22</u>

12    Miguel's letter of April 14, 2005 did not operate as an
13 acceptance of New West's offer regarding topic 22.  New West's
14 counsel indicated that New West would not require Exxon's
15 deposition testimony on topic 22 if Exxon would "admit the
16 genuineness of the documents that it has produced with respect to
17 the installation and permits to operate the underground storage
18 tank and lines."  (Malysiak Decl. in Supp. of New West's Mot. for
19 Order Establishing Certain Facts Ex. M (April 5, 2005 Malysiak
20 letter)).  Exxon's counsel Miguel answered that "if you identify
21 those documents that you want authenticated, we will seriously
22 consider your proposal."  (Miguel Decl. in Opp'n to New West's
23 Mot. for Order Establishing Certain Facts  Ex. 1 (April 14, 2005
24 letter)).

25    This problem too can be resolved without the drastic
26 sanction of deeming facts established.  By this order, New West
27 will designate the documents that it wishes Exxon to
28 authenticate.  Exxon will authenticate those that it can.  If

Exxon is unable to authenticate any documents, Exxon will explain
to New West and the court the reasons for this inability.

       4. <u>Topic 12</u>

       The only remaining topic for which Exxon did not
produce a witness is topic 12, New West's request that Exxon
designate a person familiar with "Exxon's operation of the
station."  Exxon concedes that it has not produced a witness for
this topic.  (Exxon's Mem. in Opp'n to New West's Mot. for Order
Establishing Certain Facts at 3).

       "Exxon's operation of the station" is an extremely
broad area of inquiry.  The term could refer to Exxon's staffing
decisions, financial decisions, product delivery schedules,
convenience store hours, the products it sells in the convenience
store, tax payments, or any number of other areas of possible
inquiry.  However, this case does not revolve around any other
issue than the petroleum hydrocarbons in the ground, which party
put them there, and which party is obligated under the relevant
contracts to remediate that condition.

       To the extent that New West's request into the
"operation of the station," is not duplicative of other topics,
it seeks irrelevant information.  New West's topic 5 seeks an
Exxon deponent with "knowledge of any and all releases at the
Property prior to the closing date."  (Malysiak Decl. in Supp. of
Mot. for Order Establishing Certain Facts Ex. A-1).  Topic 6
requests an Exxon deponent with knowledge of "communications
between Exxon and governmental agencies regarding releases at the
Property prior to the closing date."  Topic 9 requests an Exxon
deponent with knowledge of "investigation, monitoring, and/or

remediation of releases on or at the Property from 1998 to
through the present."   Topic 10 seeks the same information as
topic 9 for "hydrocarbon or other materials, compounds or
substances deposited" on the Property.   Topic 11 seeks
information about any disclosures Exxon made regarding its
knowledge of any releases.  (Id.).  Topic 18 requests a deponent
with knowledge of "[a]ny and all communications between Exxon and
its environmental consultants referring or relating to the
environmental condition of the Property prior to the closing
date."  Topic 19 requests a deponent with knowledge of "[a]ll
actions taken by Exxon to determine the cause of releases, and to
fix or repair the cause of releases, that occurred while Exxon
operated the station."  Topic 20 requests a deponent with
knowledge of "[a]ny and all communications between Exxon and its
environmental consultants referring or relating to the
environmental condition of the Property after the closing date."
Topic 21 requests a deponent with knowledge of "[t]he filing of
the notifications of releases with government agencies by or on
behalf of Exxon from 1996 to the present."  (Id. Ex. A-2).

These topics all concern Exxon's operation of the
station insofar as it is relevant to this action.  If who New
West wanted to depose was the "manager" of the station, New West
could have so stated.  New West has not informed the court that
Exxon has withheld a witness on any of these topics.  New West
has also not informed the court of any relevant information it
sought through the "operation of the station" inquiry that was
not covered by another topic of inquiry.  Therefore, to the
extent that Exxon did not produce a witness for topic 12, the

10

1  error is harmless.  No sanctions will issue against Exxon on this

2  matter.  <u>See</u> Fed. R. Civ. P 37(d)(issuance of sanctions

3  discretionary).

4       B. <u>Motion to move trial date</u>

5           New West moves the court to change the date of the

6  first day of the trial from July 26, 2005 to Monday, August 15,

7  2005.  Exxon opposes the motion.

8           New West makes its motion on three grounds: (1) to

9  facilitate settlement; (2) Gilbert Moore, who controls the four

10 New West entities, has booked a trip to Europe, and is scheduled

11 to leave on July 31, 2005; (3) New West's inability to reach Hans

12 Herb, an expert in environmental law retained by New West.[5]

13 Third party defendant, counterclaimaint, and cross-claimant

14 Sartaj Singh Bains, does not object to moving the trial date.

15 (New West's Mot. to Continue Trial Date ¶ 12).

16          All parties participated in a settlement conference, as

17 mandated by Local Rule 16-270, before the assigned magistrate in

18 March 2004.  (Exxon's Opp'n to New West's Mot. to Continue Trial

19 Date at 2).  Exxon has offered to hold settlement talks if New

20 West starts its offer to Exxon at $100,000 or greater.  (New

21 West's Mot. to Continue Trial ¶ 5).  New West is presently

22 unwilling to make such a commitment.  (<u>Id.</u> ¶ 6).  There is no

23 indication that continuing the trial date by twenty days will

24

_____

25      [5]   In addition, New West pointed to the motion regarding
26  whether certain facts should be established as justification for
    moving the trial date.  One remedy New West was seeking under
27  that motion (discussed in the previous section) was an additional
    opportunity to depose Exxon witnesses.  As the court does not
28  grant that relief, New West cannot rely on those grounds in its
    motion to move the trial date.

force, or even encourage, the parties to negotiate, especially since New West represents that, should the court grant the motion, Moore will be out of the country for most, if not all, of that period.

The next question is whether Moore's planned vacation to Europe is sufficient grounds to delay this trial.  The trial date has already been changed three times.  (See January 24, 2005 Order(moving trial date from June 1, 2005 to July 6, 2005 pursuant to defendant's motion); February 28, 2005 Order(moving trial date from July 6, 2005 to June 28, 2005);[6] April 26, 2005 Order and April 27, 2005 Order(moving trial date from June 28, 2005 to July 26, 2005).  New West's counsel contends that when the parties moved the trial date the last time, in April 2005, the apparently well-traveled Moore was in the Galapagos Islands and was thus unable to consult with New West's counsel on the movement of the trial date.  (New West's Mot. to Continue Trial ¶ 10).  Nowhere in the papers does New West's counsel explain why New West waited until June 17, 2005 to move to continue the trial date.[7]

Exxon argues that it will be prejudiced by a change in trial date.  Exxon claims that the availability of its witnesses

---

[6]     The movement of the trial date from July 6, 2005 to June 28, 2005 was stipulated to by all parties.  However, before the stipulation, New West had a motion pending before the court to move the trial date to June 28, 2005 because New West's counsel had a family vacation planned between July 10 and July 17, 2005 of which Malysiak had failed to inform the court at the hearing on January 28, 2005.  (See New West's February 8, 2005 Motion to Modify Trial Date at 3).

[7]     New West's counsel does not inform the court when Moore returned from the Galapagos Islands.

1  in mid-August is uncertain.  (Exxon's Opp'n to New West's Mot. to

2  Continue Trial at 5-6).  Exxon also argues that it would be

3  prejudiced because Exxon alone is currently paying all

4  remediation costs.  (Id. at 5).

5          Exxon is entitled to rely on the trial date as

6  scheduled.  Presumably all parties have informed their witnesses

7  that July 26, 2005 is the first day of trial.  Exxon should not

8  have to tell its eight witnesses,[8] less than a month before the

9  trial is scheduled to begin, that they must reschedule any plans

10  they have made for the latter half of August because one man,

11  Gilbert Moore, neglected in April to tell the court through

12  counsel that he had a vacation scheduled for the last days of

13  July.[9]  The fact that Moore and the counsel representing the

14  entities that Moore controls had not set up a way to communicate

15  while Moore was away in the Galapagos Islands does not justify

16  requiring Exxon's witnesses to change their summer plans on such

17  short notice.

18          The next question is whether New West's inability to

19  contact the expert Hans Herb is sufficient to delay trial.  It is

20  not.  New West was able to reach Herb after filing the motion to

21  move the trial date, and New West filed its offer of proof

22  regarding Herb's testimony on June 20, 2005.  This allows

23  sufficient time before trial for Herb's proposed testimony to be

24  challenged, if necessary, by Exxon, and also allows sufficient

25

26          [8]    Not including Gilbert Moore.  (See Exxon Pretrial

27  Statement at 10).

28          [9]    Exxon, as the plaintiff in this case, will present its
    witnesses first.

13

1  time for the court to rule on any challenges.  Therefore this
2  reason too is insufficient to move the trial date.

3          IT IS THEREFORE ORDERED that:

4          (1) Exxon be, and hereby is, precluded from arguing at
5  trial that any of the New West entities paid less than market
6  value for the gas station;

7          (2) New West identify the documents it wishes Exxon to
8  authenticate within five days of the file stamp of this order,
9  and submit that request to the court;

10          (3) Exxon authenticate the documents requested for
11  authentication by New West, or file a written explanation of why
12  it is unable to do so for any given document, within five days of
13  the filing of New West's request for authentication;

14          (4) New West's motion to continue the trial date be,
15  and the same hereby is, DENIED.

16  DATED:  July 5, 2005

17

18

19                                  WILLIAM B. SHUBB
                                    UNITED STATES DISTRICT JUDGE
20

21

22

23

24

25

26

27

28

                                   14