UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>NEW WEST PETROLEUM L.P., NEW WEST PETROLEUM, LLC, NEW WEST PETROLEUM, NEW WEST STATIONS, INC. and NEW WEST LLC<br><br>        Defendants.<br>-----------------------------<br>AND RELATED THIRD-PARTY CLAIMS, CROSS-CLAIMS AND COUNTERCLAIMS | NO. CIV. S-03-2222 WBS PAN<br><br>MEMORANDUM AND ORDER<br>RE: MOTION FOR JUDGMENT UNDER RULE 54(B) |

----oo0oo----

        In light of this court's June 7, 2005 order, defendant New West Stations, Inc., pursuant to Federal Rule of Civil Procedure 54(b), asks the court to issue a final judgment in its favor of the claims against it by plaintiff Exxon Mobil Corporation.

        Also in light of that order, counterdefendants New West Petroleum, LLC and New West Petroleum L.P. move the court,

1

pursuant to Rule 54(b), to issue a final judgment in their favor as to the claims against these parties by counterclaimant Sartaj Singh Bains.[1]

"[T]he court _may_ direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."  Fed. R. Civ. P. 54(b)(emphasis added).  The entry of judgment as to certain claims makes those claims immediately appealable as final judgments and creates the possibility of piecemeal appeals.  There is an historic federal policy against piecemeal appeals. Curtiss-Wright Corp. v. Gen'l Elec. Co., 446 U.S. 1, 8 (1980).  Therefore, when considering whether there are no just reasons to delay the appeal of individual final judgments, "a district court must take into account judicial administrative interests as well as the equities involved." Id. at 8.

In this case, should the court issue final judgment under Rule 54(b) as to some New West entities, the possibility of piecemeal appeals is real.  Due to the close interrelationship of the New West entities, (see June 7, 2005 Order at 8-9), judicial administrative interests tip the balance heavily in favor of hearing any appeals by the New West entities, or by Exxon or Bains against the New West entities, at the same time.  Further, the New West entities that make the motion will suffer no

---

[1] The New West parties' moving papers are in the form of an order prepared for the court to sign.  The New West parties make no arguments in favor of their Rule 54(b) motion.

2

1 injustice as a result of delay.  Cf. Curtiss-Wright, 446 U.S. at
2 6(district court found delay would be unjust where the summary
3 judgment on plaintiff's $19 million claim was granted and where
4 market interest rates were higher than statutory interest rates
5 and where the litigation was likely to last years).
6         IT IS THEREFORE ORDERED that the motion of New West
7 Stations, Inc., New West Petroleum, LLC and New West Petroleum,
8 L.P. for judgment pursuant to Federal Rule of Civil Procedure
9 54(b), be, and the same hereby is, DENIED.
10 DATED:  July 5, 2005

*[signature: William B. Shubb]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

3