UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

EXXON MOBIL CORPORATION,

        Plaintiff,

          v.

NEW WEST PETROLEUM L.P., NEW WEST PETROLEUM, L.L.C., NEW WEST PETROLEUM, NEW WEST STATIONS, INC. and NEW WEST L.L.C.,

        Defendants,
_____/

AND RELATED THIRD-PARTY CLAIMS, CROSS-CLAIMS, AND COUNTERCLAIMS
_____/

NO. CIV. 03-02222 WBS EFB

ORDER RE: NEW WEST'S MOTION TO AMEND ANSWER AND PLAINTIFF'S MOTION TO STRIKE

----oo0oo----

After a jury trial in this action concluded in a mistrial when the jury was unable to reach a verdict, the parties agreed to waive their right to another jury trial and consented to adjudication by the court, which would rule based upon the existing record supplemented by post-trial briefing. In New West's opposition to plaintiff's post-trial brief, it sought to raise an affirmative defense based on plaintiff's purportedly

1

unconscionable interpretation of the Agreement. (Pl.'s Mem. in Supp. of Mot. to Strike 2:1-2.) Noting that New West had not asserted such a defense in its operative Answer or at any time during the trial, plaintiff filed a motion to strike this portion of New West's opposition brief. (Id. at 3:10-14.) New West then filed a motion to amend its Answer to include the newly asserted affirmative defense.

New West now moves for leave to file an amended Answer, and Exxon moves to strike portions of New West's trial brief referring to the affirmative defense.

At trial, New West expressly waived its unconscionability cross-claims against plaintiff, emphasizing that "New West will be abandoning any unconscionability claim in this trial." (Trial Tr. Sept. 5, 2007 82:8-10.) The case was tried upon that understanding. It is too late now to go back and amend the pleadings so as to include that abandoned issue. That does not mean the court will grant Exxon's motion to strike portions of New West's brief, however. As contemplated by the Federal Rules of Civil Procedure, a "motion to strike" must be aimed at the parties' pleadings, not the text within the parties' briefs. See Fed. R. Civ. P. 12(f) ("The court may strike <u>from a pleading</u> an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.") (emphasis added). Rather than attempt to strike, add, modify, or rewrite portions of the parties' briefs, the preferable approach is simply for the court to ignore arguments in the briefs which are irrelevant to the issues.

///

2

             IT IS THEREFORE ORDERED that New West's motion for leave to amend its Answer and plaintiff's motion to strike be, and the same hereby are, DENIED.

DATED: June 25, 2008

*[signature: William B. Shubb]*
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE