UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| EXXON MOBIL CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>NEW WEST PETROLEUM L.P., NEW WEST PETROLEUM, L.L.C., NEW WEST PETROLEUM, NEW WEST STATIONS, INC., and NEW WEST L.L.C.,<br><br>      Defendants,<br>_____/<br>AND RELATED THIRD-PARTY CLAIMS, CROSSCLAIMS, AND COUNTERCLAIMS.<br>_____/ | NO. CIV. 03-2222 WBS EFB<br><br><u>ORDER RE: MOTION TO AMEND JUDGMENT; BILLS OF COSTS</u> |

----oo0oo----

        On July 15, 2008, the court entered a Memorandum of Decision, ordering that Exxon Mobil Corporation ("Exxon"), New West Petroleum, New West Petroleum L.P., and New West Petroleum L.L.C. (collectively, "New West"), and Sartaj Singh Bains "take nothing on their respective claims, counterclaims, and crossclaims enumerated in" the court's Order. (July 15, 2008 Order 20:2-4.)  Those claims were identified to include:

1

    Exxon's Second Amended Complaint contains eight claims against New West: (1) breach of the purchase and sale agreement; (2) breach of the implied covenant of good faith and fair dealing; (3) declaratory relief setting out the rights and duties of the parties; (4) express indemnity; (5) equitable indemnity; (6) violations of California Business and Professions Code section 17200 ("section 17200"); (7) violations of section 17200 predicated on California Health and Safety Code section 25296.10 ("section 25296.10"); and (8) violations of section 17200 predicated on California Water Code section 13260(a).

    New West, in turn, asserts counterclaims and crossclaims against Exxon and Bains, respectively: (1) against Exxon, breach of contract; (2) against Exxon, breach of the implied covenant of good faith and fair dealing; (3) against Exxon, express indemnification; (4) against Exxon and Bains, equitable indemnification; (5) against Exxon, declaratory relief for nonliability; and (6) against Exxon, violations of section 17200 predicated on violations of section 25296.10.

    Finally, Bains asserts a single equitable indemnity counterclaim against New West and crossclaim against Exxon for equitable indemnity.

(Id. at 3:6-26.) Presently before the court are Exxon's motion to amend the judgment pursuant to Federal Rule of Civil Procedure 59(e) and Exxon's, New West's, and Bains' bills of costs.

I.    <u>Motion to Amend the Judgment</u>

    Reconsideration under Rule 59(e) is appropriate when the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." <u>Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc.</u>, 5 F.3d 1255, 1263 (9th Cir. 1993). Exxon seeks reconsideration only on the grounds that the court committed clear error and rendered a manifestly unjust decision.[1] For the

---

[1] In a brief paragraph, Exxon contends that, even if the "Court remains unchanged in its decision regarding Exxon Mobil's breach of contract claim, the declaratory relief sought remains

2

reasons explained in detail in the court's Memorandum of Decision, Exxon failed to carry its burden on its claims. Accordingly, because Exxon has not persuaded the court that the judgment should be reconsidered, the court will deny its motion to amend the judgment.

## II. Bills of Costs

All three parties have filed bills of costs in this matter and objections have been filed to each bill of costs. Specifically, there are four bills of costs before the court:

1. New West requests an award of $30,147.22 in costs against Exxon. Exxon objects to an award of costs in favor of New West, arguing that New West is not a prevailing party because it did not prevail on its counterclaims against Exxon. If, however, the court awards New West costs, Exxon also raises twenty specific objections to the costs New West requests.

2. New West requests an award of $2,105.05 in costs against Bains. Bains objects to an award of costs against him, claiming that he was a prevailing party because New West did not prevail on its third-party claims against him.

3. Bains seeks an award of $14,865.93 in costs against

---

an issue, as the request not only sought judicial determination of the pending claims, but also the rights and responsibilities of the parties going forward." (Mem. in Supp. of Mot. to Amend J. 9:14-17.) Exxon's request for equitable relief was limited, however, to the parties' rights and obligations stemming from the contracts at issue in this case. (See First Am. Compl. 7 (seeking a judicial determination with respect to "the rights and duties of Exxon Mobil and New West under the Agreement and the Assignment regarding liability for costs associated with the investigation and remediation of contamination at the Property resulting from releases occurring after the Closing Date and the Effective Date") (emphasis added).) Exxon's request for declaratory relief, therefore, rose and fell with its ability to prove its substantive claims which the court denied.

3

Exxon and New West; Bains does not suggest how the costs should be allocated between Exxon and New West, stating only that he does not object to an order splitting liability for his costs between Exxon and New West or taxing all of his costs against one of the parties.  Exxon objects to an award of costs against it, arguing that Bains was not a prevailing party with respect to Exxon.  If, however, the court orders that Exxon pay a portion of Bains' costs, Exxon raises nineteen specific objections to the costs Bains requests.  New West, on the other hand, contends that Exxon should be solely responsible for any costs the court awards Bains because Exxon's initiation of this lawsuit necessitated Bains' involvement.

  4.  Exxon requests an award of $26,438.06 in costs against New West.  New West objects to an award of costs against it, claiming that it was the prevailing party.

   Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern the taxation of costs to losing parties, subject to the limits set under 28 U.S.C. § 1920. <u>See</u> 28 U.S.C. § 1920 (enumerating taxable costs).  Rule 54(d)(1) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).  "The Supreme Court has squarely held that there is a 'prevailing party' when there has been a 'material alteration of the legal relationship of the parties.'" <u>Miles v. California</u>, 320 F.3d 986, 989 (9th Cir. 2003) (quoting <u>Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.</u>, 532 U.S. 598, 603 (2001)); <u>see also</u> <u>id.</u> at 989 n.6 ("The [Supreme] Court

4

specifically identified two instances in which a plaintiff can be considered a 'prevailing party': (1) an enforceable judgment on the merits; or (2) an enforceable court-ordered consent decree.") (citations omitted).

Where, as in this case, "a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties." Kropp v. Ziebarth, 601 F.2d 1348, 1358 n.27 (8th Cir. 1979); accord Srybnik v. Epstein, 230 F.2d 683, 686 (2d Cir. 1956); cf. Champion Produce, Inc. v. Ruby Robinson Co., Inc., 342 F.3d 1016, 1022 (9th Cir. 2003) ("Rule 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but the district court may refuse to award costs within its discretion."). Under such circumstances, each party arguably prevailed on the claim against it, but none of the parties prevailed in the litigation. See Ruiz v. A.B. Chance Co., 234 F.3d 654, 670 (Fed. Cir. 2000) ("In this case, [plaintiffs] prevailed on the patent invalidity issue, but [defendant] prevailed on all of the other issues, including the non-patent issues. The district court did not err in refusing to award costs, for neither party prevailed sufficiently to require an award of costs and make a decision not to do so an abuse of discretion."); Royal Surplus Lines Ins. Co. v. Coachmen Indus., Inc., 229 F.R.D. 695, 698 (M.D. Fla. 2005) ("Whereas Plaintiff lost on its claim, Defendants failed to succeed on any part of their counterclaim. Denying costs to both sides has been deemed proper where neither completely prevailed.") (citation omitted).

Here, while neither New West nor Bains is subject to a

judgment establishing liability for the response costs Exxon has incurred, neither party obtained a judgment establishing nonliability.  As the remediation of the contamination at issue in this case is far from complete, the judgment rendered in this action will not empower New West or Bains to shift response costs to Exxon if a governing authority requires them to incur response costs.  Put another way, had the governing authority initially required New West or Bains to begin remediation efforts, the burden placed on those parties as plaintiffs may well have left them in the same position as Exxon finds itself.

Nonetheless, even assuming the court could determine the prevailing party on each claim, the interconnectedness of the claims in this action prevents the court from meaningfully apportioning costs amongst the parties' claims.  As the requisite evidence for each claim overlapped, a majority, if not all, of the costs incurred served to advance a party's claim and simultaneously defend against an adversary's claim.  Accordingly, because none of the parties obtained a judgment protecting all of the interests at issue in this case, and the court is unable to distinguish between costs attributable to each claim, the court will exercise its discretion to deny all of the parties' bills of costs.

IT IS THEREFORE ORDERED that Exxon's motion to amend the judgment be, and the same hereby is, DENIED; and Exxon's, New West's, and Bains' bills of costs be, and the same hereby are,
///
///
///

6

DENIED.  Each of the parties shall bear their own costs in this action.

DATED:  November 4, 2008

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE